UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NICHOLAS CANNELLA and JENNIFER CANNELLA,

                Plaintiff,

- against –

INTERCONTINENTAL HOTELS GROUP, PLC, SIX CONTINENTS HOLDINGS, LTD., SIX CONTINENTS INTERNATIONAL HOLDINGS, B.V., H.I.M. ARUBA B.V., and HOLIDAY INN MEXICANA, SA

                Defendants.
------------------------------------------------------------------------X

Civ. No.:  21-cv-5204

**COMPLAINT**

**Jury Trial Demanded**

    Plaintiff, by his attorneys, Zaremba Brown, PLLC, complaining of the defendants, respectfully alleges and states:

## PARTIES

1.    Plaintiff NICHOLAS CANNELLA is a resident of the State of New York.

2.    Defendant INTERCONTINENTAL HOTELS GROUP, PLC, (hereinafter defendant "IHG PLC") is a foreign business corporation authorized to do business in the State of New York.

3.    Defendant IHG PLC is a foreign business corporation which has purposely availed itself of the privilege of doing business in the State of New York.

4.    Defendant IHG PLC is a business entity formed in the United Kingdom with its principal place of business located at Broadwater Park, Denham, Buckinghamshire UB9 5HR, United Kingdom.

5.    Defendant IHG PLC is a corporate citizen or subject of the United Kingdom. It is a limited company organized under British law.

6. Defendant **SIX CONTINENTS HOLDINGS, LTD.**, (hereinafter defendant "SIX CONTINENTS LTD") is a foreign business corporation authorized to do business in the State of New York.

7. Defendant **SIX CONTINENTS LTD.**, is a foreign business corporation which has purposely availed itself of the privilege of doing business in the State of New York.

8. Defendant **SIX CONTINENTS LTD** is a business entity formed in the United Kingdom with its principal place of business located at Broadwater Park, Denham, Buckinghamshire UB9 5HR, United Kingdom.

9. Defendant **SIX CONTINENTS LTD** is a corporate citizen or subject of the United Kingdom. It is a limited company organized under British law.

10. Defendant **SIX CONTINENTS INTERNATIONAL HOLDINGS, B.V.**, (hereinafter defendant "SIX CONTINENTS B.V.") is a foreign business corporation authorized to do business in the State of New York.

11. Defendant **SIX CONTINENTS B.V.** is a foreign business corporation which has purposely availed itself of the privilege of doing business in the State of New York.

12. Defendant **SIX CONTINENTS B.V.**, is a business entity formed in the Netherlands with its principal place of business located at Herikerbergweg 122 Amsterdam Zuidoost, 1101 CM Netherlands.

13. Defendant **SIX CONTINENTS B.V.** is a corporate citizen or subject of the Netherlands. It is a limited company organized under Dutch law.

14. Defendant **H.I.M. ARUBA B.V.** (hereinafter defendant "H.I.M.") is a foreign business corporation authorized to do business in the State of New York.

15. Defendant **H.I.M.** is a foreign business corporation which has purposely availed

itself of the privilege of doing business in the State of New York.

16. Defendant H.I.M. is a business entity formed in Aruba with its principal place of businesslocated at J.E. Irausquin Blvd 230, Palm Eagle Beach, Aruba.

17. Defendant H.I.M. is a corporate citizen or subject of the nation of Aruba. It is a limited company organized under Aruban law.

18. Defendant HOLIDAY INN MEXICANA, SA, (hereinafter defendant "MEXICANA") is a foreign business corporation authorized to do business in the State of New York.

19. Defendant MEXICANA is a foreign business corporation which has purposely availed itself of the privilege of doing business in the State of New York.

20. Defendant MEXICANA is a business entity formed in Mexico with its principal place of business located at Ontario/1050/2/Italia, Providencia//Napoles Y Ostia, Guadalajara Jalsico 44648.

21. Defendant MEXICANA is a corporate citizen or subject of the nation of Mexico. It is a limited company organized under Mexican law.

22. Defendant SIX CONTINENTS LTD. is a subsidiary of the defendant IHG PLC.

23. Defendant SIX CONTINENTS B.V. is a subsidiary of the defendant IHG PLC.

24. Defendant H.I.M. is a subsidiary of the defendant IHG PLC.

25. Defendant MEXICANA is a subsidiary of the defendant IHG PLC

26. Defendant SIX CONTINENTS B.V. is a subsidiary of the defendant SIX CONTINENTS LTD.

27. Defendant H.I.M. is a subsidiary of the defendant SIX CONTINENTS LTD.

28. Defendant MEXICANA is a subsidiary of the defendant SIX CONTINENTS LTD.

29. Defendant H.I.M. is a subsidiary of the defendant SIX CONTIENENTS B.V.

30. Defendant MEXICANA is a subsidiary of the defendant SIX CONTIENENTS B.V.

## VENUE & JURISDICTION

31. This Court has personal jurisdiction over Defendant IHG PLC in New York because IHG PLC does business in the State of New York, solicits business in the State of New York, advertises for business in the State of New York, accepts reservations through an online system operating in the State of New York, accepts reservations from residents of the State of New York, operates a reservation system in the State of New York, and purposely avails itself of the privilege of doing business in the State of New York. Plaintiff's injuries arise from and relate to Defendant IHG PLC's New York contacts because Plaintiff's injuries occurred in the course of an international round trip from New York, the reservations for which were made on Plaintiff's behalf in the State of New York through an agent conducting business in New York and benefitting from the laws and protections of the State of New York.

32. Personal jurisdiction is further appropriate over Defendant IHG PLC because the Defendant's affiliations within the United States, and in the State of New York in particular, are so continuous and systematic as to render it essentially at home in the United States and therefore subject to the general jurisdiction of the United States District Courts.

33. Defendant IHG PLC, through its agents, servants, and/or employees, regularly conducts business within the State of New York, including owning hotel chains, soliciting

business from residents of New York, advertising to New York residents and owning or benefiting directly from the operation of a website in which New York residents are able to make reservations to defendants' hotels, including the Holiday Inn Aruba, located at J.E. Irausquin Blvd 230, Palm Eagle Beach, Aruba (hereinafter "subject premises.")

34. This Court has personal jurisdiction over Defendant SIX CONTINENTS LTD. in New York because SIX CONTINENTS LTD. does business in the State of New York, solicits business in the State of New York, advertises for business in the State of New York, accepts reservations through an online system operating in the State of New York, accepts reservations from residents of the State of New York, operates a reservation system in the State of New York, and purposely avails itself of the privilege of doing business in the State of New York. Plaintiff's injuries arise from and relate to Defendant SIX CONTINENTS LTD.'s New York contacts because Plaintiff's injuries occurred in the course of an international round trip from New York, the reservations for which were made on Plaintiff's behalf in the State of New York through an agent conducting business in New York and benefitting from the laws and protections of the State of New York.

35. Personal jurisdiction is further appropriate over Defendant SIX CONTINENTS LTD., because the Defendant's affiliations within the United States, and in the State of New York in particular, are so continuous and systematic as to render it essentially at home in the United States and therefore subject to the general jurisdiction of the United States District Courts.

36. Defendant SIX CONTINENTS LTD., through its agents, servants, and/or employees, regularly conducts business within the State of New York, including owning hotel chains, soliciting business from residents of New York, advertising to New York residents

and owning or benefiting directly from the operation of a website in which New York residents are able to makereservations to defendants' hotels, including the subject premises.

37. This Court has personal jurisdiction over Defendant SIX CONTINENTS B.V. in New York because SIX CONTINENTS B.V. does business in the State of New York, solicits business in the State of New York, advertises for business in the State of New York, accepts reservations through an online system operating in the State of New York, accepts reservations from residents of the State of New York, operates a reservation system in the State of New York, and purposely avails itself of the privilege of doing business in the State of New York. Plaintiff's injuries arise from and relate to Defendant SIX CONTINENTS B.V.'s New York contacts because Plaintiff's injuries occurred in the course of an international round trip from New York, the reservations for which were made on Plaintiff's behalf in the State of New York through an agent conducting business in New York and benefitting from the laws and protections of the State of New York.

38. Personal jurisdiction is further appropriate over Defendant SIX CONTINENTS B.V., because the Defendant's affiliations within the United States, and in the State of New York in particular, are so continuous and systematic as to render it essentially at home in the United States and therefore subject to the general jurisdiction of the United States District Courts.

39. Defendant SIX CONTINENTS B.V., through its agents, servants, and/or employees, regularly conducts business within the State of New York, including owning hotel chains, soliciting business from residents of New York, advertising to New York residents and owning orbenefiting directly from the operation of a website in which New York residents are able to makereservations to defendants' hotels, including the subject premises.

40. This Court has personal jurisdiction over Defendant H.I.M. in New York because H.I.M. does business in the State of New York, solicits business in the State of New York, advertises for business in the State of New York, accepts reservations through an online system operating in the State of New York, accepts reservations from residents of the State of New York, operates a reservation system in the State of New York, and purposely avails itself of the privilege of doing business in the State of New York. Plaintiff's injuries arise from and relate to Defendant H.I.M.'s New York contacts because Plaintiff's injuries occurred in the course of an international round trip from New York, the reservations for which were made on Plaintiff's behalf in the State of New York through an agent conducting business in New York and benefitting from the laws and protections of the State of New York.

41. Personal jurisdiction is further appropriate over Defendant H.I.M., because the Defendant's affiliations within the United States, and in the State of New York in particular, are so continuous and systematic as to render it essentially at home in the United States and therefore subject to the general jurisdiction of the United States District Courts.

42. Defendant H.I.M., through its agents, servants, and/or employees, regularly conducts business within the State of New York, including owning hotel chains, soliciting business from residents of New York, advertising to New York residents and owning or benefiting directly from the operation of a website in which New York residents are able to make reservations to defendants' hotels, including the subject premises.

43. This Court has personal jurisdiction over Defendant MEXICANA in New York because MEXICANA does business in the State of New York, solicits business in the State of New York, advertises for business in the State of New York, accepts reservations through an online system operating in the State of New York, accepts reservations from residents of the

State of New York, operates a reservation system in the State of New York, and purposely avails itself of the privilege of doing business in the State of New York. Plaintiff's injuries arise from and relate to Defendant MEXICANA's New York contacts because Plaintiff's injuries occurred in the course of an international round trip from New York, the reservations for which were made on Plaintiff's behalf in the State of New York through an agent conducting business in New York and benefitting from the laws and protections of the State of New York.

44.     Personal jurisdiction is further appropriate over Defendant MEXICANA, because the Defendant's affiliations within the United States, and in the State of New York in particular, are so continuous and systematic as to render it essentially at home in the United States and therefore subject to the general jurisdiction of the United States District Courts.

45.     Defendant MEXICANA, through its agents, servants, and/or employees, regularly conducts business within the State of New York, including owning hotel chains, soliciting business from residents of New York, advertising to New York residents and owning or benefiting directlyfrom the operation of a website in which New York residents are able to make reservations to defendants' hotels, including the subject premises.

46.     Each of the defendants herein acted as the principal, agent, or joint venturer of, orfor other defendants herein with respect to the acts, violations and course of conduct alleged herein.

47.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and (c) inthat at least one of the defendants resides in this judicial district, is licensed to do business or is doing business in this judicial district.

48.     Jurisdiction is conferred upon this court under 28 U.S.C. § 1332 based upon diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest

andcosts.

49. Venue is proper in the Southern District of New York under 28 USC § 1391(b)(3) because Defendants are subject to this Court's personal jurisdiction with respect to the instant action.

## STATEMENT OF CLAIM

## FIRST CAUSE OF ACTION

50. Plaintiff re-alleges and re-incorporates each and every allegation above as if fully set forth herein.

51. At all times herein mentioned, defendant IHG PLC owned the subject premises.

52. At all times herein mentioned, defendant SIX CONTINENTS LTD. owned the subject premises.

53. At all times herein mentioned, defendant SIX CONTINENTS B.V. owned the subject premises.

54. At all times herein mentioned, defendant H.I.M. owned the subject premises.

55. At all times herein mentioned, defendant IHG PLC, through itsagents, servants, and/or employees, leased and/or rented the subject premises.

56. At all times herein mentioned, defendant SIX CONTINENT LTD., through itsagents, servants, and/or employees, leased and/or rented the subject premises.

57. At all times herein mentioned, defendant SIX CONTINENTS B.V., through its agents,servants, and/or employees, leased and/or rented the subject premises.

58. At all times herein mentioned, defendant H.I.M., through its agents, servants, and/or employees, leased and/or rented the subject premises.

59. At all times herein mentioned, defendant IHG PLC, its agents, servants, and/or employees operated, controlled, managed, supervised, maintained, inspected and/or

repaired the subject premises, including the pool area at the subject premises.

60. At all times herein mentioned, defendant SIX CONTINENTS LTD., its agents, servants, and/or employees operated, controlled, managed, supervised, maintained, inspected and/or repaired the subject premises, including the pool area at the subject premises.

61. At all times herein mentioned, defendant SIX CONTINENTS B.V., its agents, servants, and/or employees operated, controlled, managed, supervised, maintained, inspected and/or repaired the subject premises, including the pool area at the subject premises.

62. At all times herein mentioned, defendant H.I.M., its agents, servants, and/or employees operated, controlled, managed, super vised, maintained, inspected and/or repaired the subject premises, including the pool area at the subject premises.

63. At all times herein mentioned, it was the duty of the Defendants, their agents, servantsand/or employees to keep and maintain the subject premises, including the pool area at the subject premises, in a reasonable state of repair and good and safe condition, and not to suffer and permit said subject premises to become unsafe and dangerous to hotelguests, visitors, invitees, tenants, lessees and/or patrons.

64. At all times herein mentioned, Plaintiff NICHOLAS CANNELLA was lawfully upon the subject premises, as plaintiff was a guest of the hotel.

65. On or before July 30, 2018, while Plaintiff NICHOLAS CANNELLA was lawfully on the subject premises, Plaintiff was caused to be injured by reason of the willful, wanton and gross negligence, carelessness and want of proper care of the Defendants, their agents, servants and/or employees.

66. The said incident and resulting injuries to Plaintiff NICHOLAS CANNELLA were caused through no fault of his own but were solely and wholly by reason of the negligence,

willful, wanton and gross negligence of the Defendants, their agents, servants, licensees, employees and other affiliates, agencies and departments, and those active under their direction, behest, permission and control; in Defendants' ownership operation, maintenance, management, design, installation and control of the subject premises, including the pool area at the subject premises; in permitting, causing and/or allowing the subject premises to be dangerous, unsafe, defective, irregular in condition, and having a deceptively safe appearance; in negligently mopping, sweeping, cleaning; in negligent hiring, supervision, training, instructing, educating, monitoring and retaining of its employees regarding mopping, sweeping, cleaning; in permitting, causing and/or allowing the pool area to be unreasonably dangerous, unsafe, defective, worn, improperly painted, cracked, broken, slippery, irregular in condition, and unsafe for use by hotel guests, visitors, invitees, tenants, lessees and/or patrons; in failing to create a safe transition; in creating a dangerous transition; in negligently installing, creating and/or maintaining an improperly designed pool and pool deck; in negligently positioning and maintaining the pool area; in failing to provide hotel guests, visitors, invitees, tenants, lessees and/or patrons requisite space to traverse the pool area; in failing to provide hand rails; in failing to provide a mat and/or rug; in failing to provide adequate lighting; in failing to provide a flat level surface; in failing to follow proper inspection, maintenance, and repair procedures; in failing to provide a non-slip surface at and around the pool area; in failing to properly warn of aforesaid dangerous, unsafe, and/or defective conditions; in failing to place signs, barricades, warnings and/or other devices to apprise persons of the aforementioned dangerous, unsafe conditions thereat; in failing to follow proper procedures for floor, ramp, transition and/or walkway design, installation, and/or construction; in soliciting and doing business via a web reservation system to ahotel that permits, causes and/or allows the subject premises to be

dangerous, unsafe, defective, irregular in condition, and having a deceptively safe appearance, in negligently mopping, sweeping, cleaning, in negligent hiring, supervision, training, instructing, educating, monitoring and retaining of its employees regarding mopping, sweeping, cleaning; in creating, allowing and/or permitting a hazardous condition to exist; in creating and maintaining a hazard, menace, nuisance and trap thereat; and in failing to comply with the statutes, ordinances, rules and regulations provided for the safe and proper use of the subject premises; and in negligently failing to comply with good and accepted safe practices. The above dangerous condition having existed for a long and unreasonable period of time, plaintiff further relies upon the doctrine of *Res Jpsa Loquitur*.

67. Both actual and constructive notice are claimed. Actual notice is claimed in that the defendants had actual knowledge and/or created the complained of condition; constructive notice is claimed in that the condition existed for a long and unreasonable period of time.

68. By reason of the foregoing, plaintiff NICHOLAS CANNELLA was caused to sustain serious and permanent bodily injuries, has been and will continue to be caused great bodily injuries with accompanying pain, shock, mental anguish, loss of normal pursuits, enjoyments and pleasures of life; has and will be prevented from attending to his usual duties; and has incurred and will continueto incur great expenses for medical care and attention.

69. As a result of the foregoing, plaintiff NICHOLAS CANNELLA has been damaged in thesum of Ten Million ($10,000,000.00) Dollars.

70. This action falls within one or more exceptions set forth in N.Y. CPLR § 1602.

**SECOND CAUSE OF ACTION**

71.     Plaintiffs hereby incorporates by reference the allegations in Paragraphs 1 through 70 above as though the same were set forth here in their entirety.

72.     Plaintiff NICHOLAS CANNELLA's severe injuries were caused by the negligent and defectively designed pool area.

73.     Defendants are responsible for the negligent and defective design of the pool.

**THIRD CAUSE OF ACTION**

74.     Plaintiffs hereby incorporates by reference the allegations in Paragraphs 1 through 73 above as though the same were set forth here in their entirety.

75.     At all of the times hereinafter mentioned, the plaintiff, JENNIFER CANNELLA, was and still is the wife of the plaintiff, NICHOLAS CANNELLA, and resides with and cohabitates with the plaintiff, NICHOLAS CANNELLA.

76.     Because of the accident and injuries to Plaintiff NICHOLAS CANNELLA, Plaintiff, JENNIFER CANNELLA, has been deprived of his services and his comfort, happiness and companionship has been impaired.

77.     Plaintiff's severe injuries were caused by Defendants' negligence.

78.     By reason of the foregoing, Plaintiff, NICHOLAS CANNELLA, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore, for medicines, surgeries and upon information and belief, Plaintiff JENNIFER CANNELLA will necessarily incur similar expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff does hereby pray that judgment be entered in his favor and against the Defendants as follows:

a) Compensatory and consequential damages, including damages for medical expenses, lost wages, past and future pain and suffering, future impairment, loss of enjoyment of life, in an amount to be proven at trial;

b) Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; together with such further and additional relief at law or in equity that this Court may deem proper.

Dated: New York, New York
June 11, 2021

                                            **ZAREMBA BROWN PLLC**

*[signature]*
C. MICHELLE CLEMMENS, ESQ.
*Attorneys for Plaintiff*
40 Wall Street, 52nd Floor
New York, New York 10005
(212) 380-6700
mclemmens@gmail.com

TO:    INTERCONTINENTAL HOTELS GROUP, PLC
Broadwater Park, Denham, Buckinghamshire
UB9 5HR, United Kingdom

SIX CONTINENTS HOLDINGS, LTD.
Broadwater Park, Denham, Buckinghamshire
UB9 5HR, United Kingdom

SIX CONTINENTS INTERNATIONAL HOLDINGS, B.V.
Herikerbergweg 122 Amsterdam Zuidoost,
1101 CM Netherlands

H.I.M. ARUBA B.V.
J.E. Irausquin Blvd 230
Palm Eagle Beach, Aruba

HOLIDAY INN MEXICANA, SA
Ontario/1050/2/Italia, Providencia//Napoles Y Ostia,
Guadalajara Jalsico Mexico 44648