```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/20/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS CANNELLA and JENNIFER CANNELLA,

                Plaintiffs,

-against-

INTERCONTINENTAL HOTELS GROUP, PLC, SIX CONTINENTS HOLDINGS, LTD., SIX CONTINENTS INTERNATIONAL HOLDINGS, B.V., H.I.M. ARUBA B.V., and HOLIDAY INN MEXICANA, SA,

                Defendants.

21-cv-5204 (MKV)

OPINION AND ORDER
GRANTING
MOTION TO DISMISS

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs Nicholas Cannella and Jennifer Cannella bring this action asserting tort claims against foreign Defendants Intercontinental Hotels Group, PLC, Six Continents Holdings, LTD., Six Continents International Holdings, B.V., H.I.M. Aruba B.V., and Holiday Inn Mexicana, SA. Before the Court is Defendants' motion to dismiss the claims against them for lack of personal jurisdiction and failure to state a claim [ECF No. 21]. For the reasons set forth below, the motion to dismiss is GRANTED.

### I.  BACKGROUND[1]

Plaintiffs Nicholas and Jennifer Cannella are residents of New York. Compl. ¶ 1; *see* Compl. ¶ 75. Mrs. Cannella made a reservation to stay at the Holiday Inn Aruba through the

---

[1] The facts underlying Plaintiffs' claims are taken from the Complaint [ECF No. 6 ("Compl.")]. *See Sabir v. Williams*, 52 F.4th 51, 54 (2d Cir. 2022). In connection with the motion to dismiss for lack of personal jurisdiction, the Court also considers evidence outside the pleadings. *See Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013). In particular, the Court considers evidence Defendants submitted to show that they are foreign entities with no connection to New York, including the Renshaw Declaration of IHG PLC [ECF No. 21-8 ("Renshaw IHG PLC Decl.")]; Renshaw Declaration of SCH LTD [ECF No. 21-9 ("Renshaw SCH LTD Decl.")]; McCurdy Declaration of H.I.M. [ECF No. 21-10 ("McCurdy H.I.M. Decl.")]; and Westfall Declaration of SCH LTD [ECF No. 21-11 ("Westfall SCH LTD Decl.")]. The Court also considers the affidavits and exhibits Plaintiffs

website Travelocity in February 2018. J. Cannella Aff. ¶ 4. Neither the Complaint, nor Mrs. Cannella's affidavit, nor the email confirmation from Travelocity indicate where Mrs. Cannella was when she booked this reservation.

Mr. Cannella was injured in 2018, while he and his wife were guests at the Holiday Inn Aruba. *See* Compl. ¶¶ 64, 65. Thereafter, Mr. and Mrs. Cannella commenced an action in state court against two defendants who are not named in this action [ECF No. 21-6]. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (recognizing that courts can "take judicial notice of a document filed in another court."). Then, several years later, Plaintiffs initiated this federal court action against a number of foreign defendants about the same injury [ECF No. 6 ("Compl.")].

Defendant Intercontinental Hotels Group, PLC ("IHG PLC") is a British company with its principal place of business in the United Kingdom. Compl. ¶¶ 4, 5; *see* IGH PLC Decl. ¶ 3. Defendant Six Continents Holdings, LTD ("SCH LTD") is, likewise, a British company with its principal place of business in the United Kingdom. Compl. ¶¶ 8, 9; *see* Renshaw SCH LTD Decl. ¶ 5. Defendant Six Continents International Holdings, B.V. is a Dutch company with its principal place of business in the Netherlands. Compl. ¶¶ 12, 13. Defendant H.I.M. Aruba B.V. ("H.I.M.") is an Aruban company with its principal place of business in Aruba. Compl. ¶¶ 16, 17; *see* McCurdy H.I.M. Decl. ¶ 4. Defendant Holiday Inn Mexicana, SA is a Mexican company with its principal place of business in Mexico. Compl. ¶¶ 20, 21.

---

submitted with their opposition to Defendants' motion to dismiss [ECF No. 26 ("Opp.")], including the confirmation email from Travelocity to Jennifer Cannella [ECF No. 25-1 ("Travelocity Email")]; the transcript of the deposition of Randall Hammer [ECF No. 25-2]; an IHG Press Release from 2014 [ECF No. 25-3 ("IHG Press Release")]; the affidavit of Nicholas Cannella [ECF No. 25-4 ("N. Cannella Aff.")]; and the affidavit of Jennifer Cannella [ECF No. 25-5 ("J. Cannella Aff.")]. Finally, the Court takes judicial notice of Plaintiffs' state court action arising out of same facts alleged in this action [ECF No. 21-6 ("State Court Compl.")]. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

In the Complaint, Plaintiffs offer vague and conclusory allegations of personal jurisdiction, using the same boilerplate language for each defendant. Compl. ¶¶ 2–20, 31–45. For example, Plaintiffs allege: "This Court has personal jurisdiction over Defendant IHG PLC in New York because IHG PLC does business in the State of New York, solicits business in the State of New York, advertises for business in the state of New York, accepts reservations through an online system operating in the State of New York, accepts reservations from residents of the State of New York, operates a reservation system in the State of New York, and purposely avails itself of the privilege of doing business in the State of New York." Compl. ¶ 31; *see also* Compl. ¶¶ 32, 33. Plaintiffs then repeat these allegations, word for word, for each other defendant. *See* Compl. ¶¶ 34–36 (SCH LTD); ¶¶ 37–39 (Six Continents International Holdings, B.V.); ¶¶ 40–42 (H.I.M.); ¶¶ 43–45 (Holiday Inn Mexicana, SA).

Defendants filed a motion to dismiss, arguing that this Court lacks personal jurisdiction over the Defendants [ECF Nos. 21, 21-12 ("Def. Mem.") at 6–21].[2] In support of their motion to dismiss, Defendants submit declarations attesting to where each company is located, the nature of its business, and its lack of contacts with New York. Defendants also argue that Plaintiffs fail to state a claim against two Defendants, IHG PLC and SCH LTD. Def. Mem. at 21–24.

Plaintiffs filed an opposition brief, along with affidavits and exhibits [ECF Nos. 25, 26 ("Opp.")]. They urge the Court to deny Defendants' motion to dismiss as "premature." Opp. at 8–11. Plaintiffs also argue that Defendants are subject to specific jurisdiction. *Id*. at 12–17. In particular, they cite the Travelocity Email, as well as a 2014 press release from IHG PLC, which

---

[2] Holiday Inn Mexicana and Six Continents International Holdings, B.V. were named in the Complaint but have not been served, have not appeared, and, therefore, did not join the motion to dismiss [ECF Nos. 4, 12, 13, 18, 19]. But the logic of this opinion applies equally to all defendants, and the Court dismisses the entire case for lack of personal jurisdiction.

3

Plaintiffs contend makes clear that Defendants "have solicited business . . . in the state of New York." Opp. at 10. Defendants filed a reply [ECF No. 27].

As the Court explains below, Plaintiffs fail to make a *prima facie* showing of personal jurisdiction over Defendants. *See infra*, Section III. Because the Court dismisses this case for lack of personal jurisdiction under Rule 12(b)(2), the Court declines to reach Defendants' arguments that Plaintiffs fail to state a claim under Rule 12(b)(6). "[W]ithout jurisdiction the court cannot proceed at all in any cause." *Alexander v. Saul*, 5 F.4th 139, 152 (2d Cir. 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

## II.     LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction, under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff "bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010); *see Whitaker v. American Telecasting*, 261 F.3d 196, 208 (2d. Cir. 2001). In this posture, "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." *Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). However, "conclusory non-fact-specific jurisdictional allegations" are insufficient to make a *prima facie* showing of personal jurisdiction, and courts do not credit legal conclusions couched as factual allegations. *Jazini v. Nissan Moto Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998).

In deciding a motion to dismiss for lack of personal jurisdiction, the "district court has considerable procedural leeway." *Dorchester Financial Securities*, 722 F.3d at 84 (quoting *Marine*

*Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). The Court may decide the motion based on pleadings and affidavits alone, or permit discovery, or conduct an evidentiary hearing. *Id.* "Where, as here, the district court relies on the pleadings and affidavits, and does not conduct a 'full-blown evidentiary hearing,'" the district court must "construe the pleadings and affidavits in the light most favorable to plaintiffs." *Id.* at 85 (quoting *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010)); *see Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

### III. DISCUSSION

A. <u>Plaintiffs Fail to Allege a *Prima Facie* Showing of Personal Jurisdiction over Defendants.</u>

Defendants urge the Court to dismiss Plaintiffs' claims against Defendants, pursuant to Rule 12(b)(2), because Plaintiffs fail to make a *prima facie* showing that the Court has personal jurisdiction over Defendants. Def. Mem. at 1. In their Complaint, Plaintiffs allege that the Court has personal jurisdiction over all of the defendants because each allegedly "does business in the State of New York, solicits business in the State of New York, advertises for business in the state of New York, accepts reservations through an online system operating in the State of New York, accepts reservations from residents of the State of New York, operates a reservation system in the State of New York, and purposely avails itself of the privilege of doing business in the State of New York." Compl. ¶¶ 31–33 (IHG); 34–36 (SCH LTD); ¶¶ 37–39 (Six Continents International Holdings, B.V.); ¶¶ 40–42 (H.I.M.); ¶¶ 43–45 (Holiday Inn Mexicana, SA). These conclusory allegations are plainly insufficient.

To survive Defendants' 12(b)(2) motion to dismiss for lack of personal jurisdiction, Plaintiffs have the burden to offer *factual* allegations that, if credited, would suffice to establish personal jurisdiction. *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir.

2013). The "conclusory non-fact-specific jurisdictional allegations" in Plaintiffs' pleading are plainly insufficient. *Jazini*, 148 F.3d at 186. The Complaint offers nothing more than boilerplate language reciting general categories of contacts that could give rise to jurisdiction, and Plaintiffs copied and pasted the same boilerplate allegations for each defendant. In no circumstance would the Court credit such legal conclusions couched as factual allegations. *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008). As such, in the Complaint, Plaintiffs fail to allege a *prima facie* showing of personal jurisdiction as to any defendant.

    B.  <u>Defendants' 12(b)(2) Motion Is Not Premature.</u>

Throughout their opposition brief, Plaintiffs insist that Defendants' motion to dismiss is premature because discovery has not been conducted. Opp. at 8, 10–12, 15, 16. They insist that "[P]laintiff [sic] should be permitted to conduct discovery on these issues before the action is dismissed." *Id.* at 12. But Defendants are entitled to move to dismiss pursuant to Rule 12(b)(2), before any discovery has been conducted, on the ground that Plaintiffs' "factual allegations" do not "constitute a *prima facie* showing of jurisdiction." *Dorchester Financial Securities*, 722 F.3d at 85. And, as explained above, Defendants are plainly correct that Plaintiffs fail to make a *prima facie* showing of personal jurisdiction as to any defendant.

Moreover, Plaintiffs have not formally requested jurisdictional discovery. Rather, Plaintiffs simply insist that their entire case should go forward, or, "[a]t the very least, plaintiffs should be permitted to conduct discovery on" the "ownership relationships" among the defendants and "the specific terms of the reservation system[s]" they use. Opp. at 8. However, plaintiffs who fail to allege a *prima facie* showing of personal jurisdiction typically are not entitled to jurisdictional discovery. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007) (holding that "the district court acted well within its discretion in declining to permit discovery because the plaintiff

6

had not made out a prima facie case"). Furthermore, Plaintiffs have not pointed to any evidence outside the pleadings to suggest jurisdictional discovery is warranted. *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 402 (2d Cir. 2009). Thus, to the extent that Plaintiffs have—belatedly and half-heartedly—requested jurisdictional discovery, that request is denied. *See Best Van Lines, Inc.*, 490 F.3d at 255; *cf. Emiabata v. Seton Healthcare Fam.*, 2021 WL 4256846, at *2 (2d Cir. Sept. 20, 2021).

C. <u>Plaintiffs' Affidavits and Evidence Do Not Show Personal Jurisdiction over Defendants</u>.

As noted above, Plaintiffs offer affidavits and certain other evidence outside the pleadings in support of their opposition to Defendants' motion to dismiss for lack of personal jurisdiction. Plaintiffs contend that Defendants are "subject to the specific personal jurisdiction" of the Court. Opp. at 9. In particular, Plaintiffs stress that Defendants "sold the booking/reservation for the hotel stay that resulted in Mr. Cannella's injury" and "advertis[e] within the forum." Opp. at 8, 9. Plaintiffs cite the Travelocity Email and IHG Press Release. Plaintiffs then seek to hold all of the defendants responsible for the alleged actions of any other defendants by alluding to "an owner relationship between the entities." Opp. at 8. However, Plaintiffs' evidence does not remotely support their arguments.

On a motion to dismiss for lack of personal jurisdiction, "a court 'must look first to the long-arm statute of the forum state'" and, "'[i]f the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process.'" *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017) (quoting *Whitaker*, 261 F.3d at 208). Under New York law, a plaintiff must show either that the defendant was subject to general jurisdiction in New York, under C.P.L.R. § 301, or that an out-of-state defendant was subject to specific jurisdiction because it "committed acts within the scope of New York's long-arm statute,

7

C.P.L.R. § 302." *DeLorenzo v. Viceroy Hotel Group, LLC*, 757 F. App'x 6, 8 (2d Cir. 2018); *see Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).

As Plaintiffs implicitly concede, Defendants are not subject to general jurisdiction. The parties agree that each defendant is a foreign entity with its principal place of business in a foreign country. *See* Compl. ¶¶ 4, 5, 8, 9, 12, 13, 16, 17, 20, 21; IGH PLC Decl. ¶ 3; Renshaw SCH LTD Decl. ¶ 5; McCurdy H.I.M. Decl. ¶ 4. In their Complaint, Plaintiffs include purely conclusory assertions that each defendant is subject to general jurisdiction in New York because its "affiliations within. . . the State of New York . . . are so continuous and systematic as to render it essentially at home." Compl. ¶¶ 32, 35, 38, 41, 44. And, in their opposition brief, Plaintiffs again mention the New York statute that governs general jurisdiction, C.P.L.R. § 301. Opp. at 9. However, Plaintiffs argue only that Defendants are subject to specific jurisdiction. *See* Opp. at 5–6, 8–9, 12–17. Accordingly, Plaintiffs have forfeited any argument that Defendants are subject to general jurisdiction. *See First Capital Asset Management, Inc. v. Brickellbush, Inc.*, 218 F.Supp.2d 369, 392–93 (S.D.N.Y. 2002). In any event, Plaintiffs offer no facts to suggest that this is the rare case in which a foreign company is "essentially at home" in New York. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014).

Thus, the Court must determine whether—construing Plaintiffs' Complaint and all of the supporting materials in the light most favorable to them—Plaintiffs make a *prima facie* showing that Defendants are subject to specific jurisdiction under C.P.L.R. § 302. *Licci ex rel. Licci*, 732 F.3d at 167. Section 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary" who "transacts any business within the state or contracts anywhere to supply goods or services in the state" if the plaintiff's "cause of action aris[es] from" that transaction.

C.P.L.R. § 302(a)(1).  Section 302(a)(3) provides for specific jurisdiction over a foreign defendant who "commits a tortious act without the state causing injury to person or property within the state . . . if [the defendant], (i) regularly does or solicits business, or engages in any other persistent course of conduct . . . in the state, or (ii) expects or should reasonably expect to have consequences in the state and derives substantial revenue from interstate or international commerce."  C.P.L.R. § 302(a)(3).  Section 302(a)(2) also provides for personal jurisdiction when Defendant commits a tort *within* the state.  C.P.L.R. § 302(a)(2).  However, because, according to Plaintiffs, the alleged torts took place outside of New York, the Court cabins its analysis to Sections 302(a)(1) and (3).  *See* Compl. ¶¶ 65, 68, 72.

With respect to Section 302(a)(1), Plaintiffs essentially contend that courts in New York have personal jurisdiction over any foreign hotel that takes a reservation that was made from New York.  *See* Opp. at 7–10.  That is not the law.  Plaintiffs' claims do not arise out of booking the reservation.  *See DeLorenzo*, 757 F. App'x at 10 ("courts have consistently held that the in-state activity of booking a hotel room is too remote from negligence alleged to have taken place at a foreign hotel to satisfy New York's long arm statute" (alterations omitted)); *Cummings v. Jai Ambe, Inc.*, 2013 WL 620186, at *3 (S.D.N.Y. Feb. 13, 2013); *Hinsch v. Outrigger Hotels Hawaii*, 153 F. Supp. 2d 209, 213 (E.D.N.Y. 2001).[3]

Furthermore, even if there were authority to support Plaintiffs' expansive reading of Section 302(a)(1), Plaintiffs entirely fail to allege—let alone offer evidence—that Mrs. Cannella was in New York when she booked her stay at the Holiday Inn Aruba through the website

---

[3] There is no allegation that Plaintiffs even accessed a website maintained by the hotel, or any of the other defendants.  Mrs. Cannella booked her reservation through Travelocity.  J. Cannella Aff. ¶¶ 4–5.  Plaintiffs bizarrely suggest this fact *favorably* distinguishes this case from cases in which courts ruled there was no personal jurisdiction over foreign hotels where the plaintiffs made reservations through the hotels "directly."  Opp. at 11–12 (distinguishing *Cummings v. Jai Ambe, Inc.*, 2013 WL 620186, and *Rodriguez v. Circus Circus Casinos, Inc.*, 2001 WL 21244, at *2 (S.D.N.Y. Jan. 9, 2001)).  But the use of Travelocity makes Defendants' connection to New York *more* attenuated.  The Court further discusses the relevance of booking through Travelocity below, in connection with Section 302(a)(3).

9

Travelocity. The Complaint does not reference the booking at all. The Travelocity Email [ECF No. 25-1] does not indicate where Mrs. Cannella was located when she made the reservation. And the affidavits from Mrs. Cannella and Mr. Cannella likewise do not mention where Mrs. Cannella was when she made the booking. *See* J. Cannella Aff. ¶¶ 4–6; N. Cannella Aff. ¶¶ 4–5. Accordingly, Plaintiffs do not come close to alleging a *prima facie* showing of specific jurisdiction based on any transaction "within the state." C.P.L.R. § 302(a)(1).

Turning to Section 302(a)(3), Plaintiffs contend that the IHG Press Release [ECF No. 25-3] shows that Defendants solicited business in New York. Opp. at 10. The Court notes that the plain text of the statute requires a showing that the defendant "regularly does or solicits business" in New York. C.P.L.R. § 302(a)(3)(i). The IHG Press Release shows nothing of the kind. The IHG Press Release does not mention New York, and there is no indication that it was published in New York. Rather, the IHG Press Release notes that IHG PLC "is incorporated in Great Britain and registered in England and Wales." IHG Press Release at 3. Plaintiffs fail to explain how the Press Release connects any defendant to New York in any way. *See* Opp. at 7, 14, 16. Thus, contrary to Plaintiffs' contention, the IHG Press Release does not show that IHG PLC, or any other defendant, "regularly does or solicits business" in New York. N.Y.C.P.L.R. § 302.

Plaintiffs also seem to contend that Defendants were present in New York, doing business in New York, via Travelocity. Plaintiffs cite cases in which the court found a *prima facie* showing of personal jurisdiction over a foreign hotel because the defendant, or its subsidiary, had allegedly employed a local booking agent in New York. *See* Opp. at 6–7, 10–12 (citing *Darby v. Compagnie National Air France*, 735 F. Supp. 555, 564–65 (S.D.N.Y. 1990) and *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967)). But doing some business through a major online booking platform that can be accessed from anywhere is not

10

similar to employing a local agent in New York. *See DeLorenzo*, 757 Fed. App'x at 9 (plaintiff's use of a "website, accessible from any state, to book her room does not show that . . . Defendants directed their business or advertising toward New York"); *Virgin Enterprises Ltd. v. Virgin Eyes LAC*, 2009 WL 3241529 at *4 (S.D.N.Y. 2009). Construing the Complaint and supporting materials in the light most favorable to Plaintiffs, they fall far short of making a *prima facie* showing that any defendant is subject to jurisdiction under Section 302(a)(3).

Because Plaintiffs have not made a *prima facie* showing of personal jurisdiction under the New York long-arm statute, the Court does not need to reach the question of whether personal jurisdiction would comport with Due Process. *Friedman*, 884 F.3d at 90 (quoting *Whitaker*, 261 F.3d at 208).

### IV. CONCLUSION

Accordingly, for the reasons stated above, Defendants' motion to dismiss is GRANTED. The Clerk of Court respectfully is requested to terminate the motion pending at docket entry 21 and to close this case.

**SO ORDERED.**

Date: **March 20, 2023**  **MARY KAY VYSKOCIL**
      **New York, NY**       **United States District Judge**